## Ex Parte CORRAN.

### Crim. No. 9; July 24, 1895.

#### 41 Pac. 464.

Agent—Lien for Commissions—Receiver.—The petitioner was employed to superintend a canvass for subscriptions to a publication, and held the subscriptions as security for wages and commissions due to the solicitors and himself; but it appeared that all wages were in fact paid, and that the commissions were not to be paid to the solicitors until the publication was issued. Held, that the petitioner had no right to hold such contracts as against the receiver.[1]

Petition for writ of habeas corpus, ex parte Corran. Writ denied.

John H. Dickinson for petitioner.

HARRISON, J.—In the action of Painter v. Painter, for the dissolution of a partnership, pending in the superior court of the city and county of San Francisco, a receiver had been appointed to take charge of the assets of the firm, and an order was made by the court, directing the petitioner herein to deliver to the receiver certain contracts belonging to the firm, which were in its possession; and upon his refusal to comply with the order he was adjudged guilty of contempt, and ordered to be imprisoned in the county jail until he should have complied with said order. The circumstances upon which the order of the court was made were as follows: Painter & Co. were engaged in publishing Langley's San Francisco Directory, and, by virtue of a contract entered into between them and the firm of Francis & Valentine, the latter firm was interested in the publication of the directory, to the extent of twenty per cent on all copies thereof that should be sold by Painter & Co. In October, 1894, the receiver being without funds to proceed with the preparation for publishing the directory for the succeeding year, Francis & Valentine and

---

[1] Cited and followed in Michaelson v. Fish, 1 Cal. App. 120, 81 Pac. 662, holding that one working about a distillery may not retain part of the product, coming into his hands as a mere servant, as security for his wages.

J. Milton Painter, a member of the firm of Painter & Co., employed certain solicitors to make a canvass for the directory, and to secure contracts of subscription and of advertisements therein, and also employed the petitioner to manage and superintend the canvass. For this purpose, Francis & Valentine delivered to the petitioner and said solicitors a number of printed blanks for subscription to the directory and for advertisements therein, and under this employment the solicitors procured a number of contracts, which were turned over to the petitioner, and which are the contracts he was directed to deliver to the receiver. The petitioner resisted the motion in the superior court to compel him to turn over the contracts upon the ground that he had a right to retain them as security for his claim for services in their procurement, and urges in his present application for a discharge that for this reason the court had no jurisdiction to pass upon the conflicting claims of title between him and the receiver, or to adjudge him guilty of contempt for refusing to part with the contracts. The power of the court to pass upon a controverted question of title to property in proceedings of this nature does not, however, arise in this case. The petitioner does not claim to be the proprietor of the contracts, but merely claims that the contracts are held by him ''as security for commissions earned by the said solicitors, and wages due them in connection with the said contract, for salary due me as superintendent of such solicitors, and for moneys advanced by J. Milton Painter in connection with the securing of the contracts.'' He does not, however, state that any wages were due to the solicitors, and although the solicitors made affidavits in his behalf, in which they stated that the contracts were turned over to him in October, 1894, to be held by him until they should be paid their wages, at the rate of $2.50 per day, during the time they were employed, together with any commissions remaining due on account of their employment, they do not state that they have not since been paid the full amount of their wages; and it was shown by the affidavit of Francis that, with the exception of the commissions, the petitioner and said solicitors have been paid the full amount due them for their services in making said canvass. It was also shown to the court, and not disputed, that the solicitors were not entitled to receive any commissions that may have been earned by them until after the

directory had been published, and the amount due for said subscriptions and advertisements had been collected. Under these facts, it cannot be claimed by the petitioner that the solicitors had any right to retain the contracts as security for their commissions. The petitioner does not claim that he was ever authorized by J. Milton Painter to retain the contracts as security for any moneys advanced by him. The court was therefore fully authorized to find that the reason assigned by the petitioner for retaining the contracts, so far as he claimed to hold them on behalf of the solicitors, had no foundation in fact, and was without merit. His claim to retain them as security for salary due him as superintendent of the solicitors was equally unfounded. We know of no principle of law which authorizes an employee to take or retain property of his employer until his wages shall have been paid. That the contracts were the property of Painter & Co. cannot be controverted. Although the petitioner, as well as the solicitors, state in the affidavits presented by them that they were not employed by Painter & Co., or by anyone on their behalf, they do not either of them state by whom they were employed; and the affidavit of Francis shows with particularity by whom they were employed, and that the employment was on behalf of Painter & Co. It was immaterial to the petitioner whether the contracts could be utilized by the receiver, or whether the withholding of them would be without injury to him or to Painter & Co. If they were the property of Painter & Co., the receiver was entitled to their possession. The writ is discharged and the prisoner remanded.

We concur: Garoutte, J.; McFarland, J.; Temple, J.